PD-0053-16

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 06 2016

Abel Acosta, Clerk

Cause No. CR30729
In the 253rd District Court
Liberty County, Texas

| | | |
|---|---|---|
| Bruce Wayne Harp | § § § § § § | Petitioner (Appellant) |
| V. | | |
| State of Texas | | State |

## MOTION FOR REHEARING AND ENBANC RECONSIDERATION

To the Honorable Court,

Comes now Bruce Wayne Harp, Petitioner Pro Se, Submitting a Motion for Rehearing and En Banc Reconsideration of his Petition for Discretionary Review pursuant to (T.R.A.P.) 49.1. Further, this motion is not being filed to delay the court, but is made in good faith to obtain a new trial.

## I.

The Court of Appeals received Petitioner's Petition for Discretionary Review on March 7, 2016 and forwarded it to the Court of Criminal Appeals

1 of 3

who received it and filed it on March 10, 2016. The petition was sent to the higher Court on March 14, 2016. The Court received the petition on March 17, 2016. On May 4, 2016 Petitioner's Petition for Discretionary Review was refused. Receipt of notification was received on May 10, 2016. On May 11, 2016 Petitioner sent a motion for a rehearing and it was received on May 16, 2016, posted and rejected on May 20, 2016 for non-compliance. The rejection notice was received on May 27, 2016.

## II

Petitioner Pro Se requests that the Petition for Discretionary Review be reviewed by an En Banc Panel because the errors by the trial court's appointed counsel are clear and concise, warranting a robust review that is diverse in opinions from the honorable Court.

## III

The substantial intervening circumstance found in Error Four is an absolute clear juror bias according to Code of Criminal Procedure, Art. 35.16., (c). 2.. It unequivocally supports "Reverse of Conviction", Code of Criminal Procedure, Art. 44.46 (2).

A biased juror who was seated, Robert Hollon, clearly stated that he understood the law and he still had personal feelings [RR5-118:12...19]. He was never questioned again prior to being seated.

Defense counsel's dog illustration [RR5-53:8...12] and Juror Bett's discussion about the range of punishment [RR5-111 thru 115] makes it abundantly clear that Juror Robert Hollon sat as a biased juror.

## IV

Petitioner prays the Court to consider this egregious error as substantial, accurate and correct, reversing the conviction. Petitioner requests a new trial and newly appointed counsel diligent to present a defense in accordance to Petitioner's guaranteed right of a Constitutionally equitable and fair trial.

Most Respectful,

Bruce Wayne Harp
Pro Se
TDCJ # 1929800
Polunsky Unit
3872 FM 350 South
Livingston, Tx 77351

Date: June 1, 2016

Certified Mail

7011 2970 0003 6482 4907

cc: file

Court of Criminal Appeals of Texas
Post Office Box 12309
Austin, Texas 78711

---

Cause No. CR30729
In the 253rd District Court
Liberty County, Texas

---

Bruce Wayne Harp          §          Petitioner (Appellant)

V.

State of Texas                                        state

---

## MOTION FOR REHEARING AND ENBANC RECONSIDERATION

---

To the Honorable Court.

Comes now Bruce Wayne Harp, Petitioner Pro Se, Submitting a Motion for Rehearing and En Banc Reconsideration of his Petition for Discretionary Review pursuant to (T.R.A.P.) 49.1. Further, this motion is not being filed to delay the court but is made in good faith to obtain a new trial.

### I.

The Court of Appeals received Petitioner's Petition for Discretionary Review on March 7, 2016 and forwarded it to the Court of Criminal Appeals

who received it and filed it on March 10, 2016. The petition was sent to the higher Court on March 14, 2016. The Court received the petition on March 17, 2016. On May 4, 2016 Petitioner's Petition for Discretionary Review was refused. Receipt of notification was received on May 10, 2016. On May 11, 2016 Petitioner sent a motion for a rehearing and it was received on May 16, 2016, posted and rejected on May 20, 2016 for non-compliance. The rejection notice was received on May 27, 2016.

## II

Petitioner Pro Se requests that the Petition for Discretionary Review be reviewed by an En Banc Panel because the errors by the trial courts appointed counsel are clear and concise, warranting a robust review that is diverse in opinions from the honorable Court.

## III

The substantial intervening circumstance found in Error Four is an absolute clear juror bias according to Code of Criminal Procedure, Art. 35.16., (c) 2. It unequivocally supports "Reverse of Conviction", Code of Criminal Procedure, Art. 44.46 (2).

A biased juror who was seated, Robert Hollon, clearly stated that he understood the law and he still had personal feelings [RR5-118:12...19]. He was never questioned again prior to being seated.

Defense counsel's dog illustration [RR5-53:8...121] and Juror Belt's discussion about the range of punishment [RR5-111 thru 115] makes it abundantly clear that Juror Robert Hollon sat as a biased juror.

## IV

Petitioner prays the Court to consider this egregious error as substantial, accurate and correct, reversing the conviction. Petitioner requests a new trial and newly appointed counsel diligent to present a defense in accordance to Petitioner's guaranteed right of a Constitutionally equitable and fair trial.

Most Respectful,

Bruce W. Harp

Bruce Wayne Harp
Pro Se
TDCJ # 1929800
Polunsky Unit
3872 FM 350 South
Livingston, Tx 77351

Date: June 1, 2016

Certified Mail

7011 2970 0003 6482 4907

cc file

Bruce W Harp 1424800
Polunsky Unit
3872 FM 350 South
Livingston, Tx 77351

CERTIFIED MAIL

7011 2970 0003 6482 4907

Court of Criminal A
P O Box 12309
Austin, Texas 7871
Attn: Abel Acosta, Cler







